# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Louis W. Frillman and Carol A. Frillman, | Civil No. 12-2976 (SRN/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Deutsche Bank National Trust Company, as Trustee of the Home Equity Mortgage Loan Asset-Back Trust Series SPMD 2004-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series SPMD 2004-A under the Pooling and Servicing Agreement dated June 1, 2004, | |
| Defendant. | |

---

Daniel M. Eaton, Christensen Law Office PLLC, 800 Washington Ave. N., Suite 704, Minneapolis, Minnesota 55401; for Plaintiffs.

Adam C. Ballinger, Kristin D. Kanski, and Bryan A. Welp, Linquist & Vennum PLLP, 80 South Eighth St., Suite 4200, Minneapolis, MN 55402, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on a Motion to Dismiss filed by Defendant Deutsche Bank National Trust Company [Doc. No. 25]. For the reasons stated below, the Court grants the Motion to Dismiss and dismisses the Amended Complaint [Docket No. 22] with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Louis and Carol Frillman owned rental property on Holly Avenue in St. Paul. (Am. Compl. ¶ 3.) In 2004, the Frillmans entered into a $332,500 mortgage on the

property in favor of IndyMac Bank. (Id. Ex. B at 27.) The mortgage was assigned to Defendant Deutsche Bank National Trust Company in 2005, and that assignment was recorded shortly thereafter. (Id.) In 2009, the mortgage was assigned to Deutsche Bank as trustee for certain asset-backed certificates. This assignment was recorded on November 9, 2009. (Id.)

Although the Amended Complaint contains little detail about the Frillmans' payment history on this mortgage, it appears that the Frillmans went into default on the mortgage in late 2010 or early 2011. In early July 2011, the Frillmans received notice that Deutsche Bank intended to sell the property at a foreclosure sale scheduled for August 19, 2011. (Id. at 26, 28.) The Frillmans thereafter attempted to bring the mortgage current, and pursuant to a "Forbearance Plan" outlined in Exhibit C to the Amended Complaint, agreed to make substantial monthly payments starting in August 2011. (Id. Ex. C at 34.) The Amended Complaint avers that the Frillmans made the first of these, a $15,783.94 payment on August 17, 2011. (Id. ¶ 17.) There is no allegation that the Frillmans made any further payments under the Forbearance Plan.

Pursuant to the Forbearance Agreement, which modified the payment plan originally due and owing under the Note, OneWest, on behalf of Deutsche Bank, agreed to temporarily suspend collections and the foreclosure process and the Frillmans expressly agreed as follows:

> Upon default under any of the terms or conditions in this agreement, [the servicer] retains the right to terminate this agreement, to demand immediate payment of all remaining installments and to resume collections and/or foreclosure at

> the point the servicing was previously suspended without further notice. If your loan is in foreclosure and you default under any terms or conditions of this agreement, [the servicer] reserves the right to re-commence the foreclosure actions immediately with no further notice to you, your representatives or agents.

(Am. Compl. Ex. C.) (emphasis added)

A week after Deutsche Bank sent the initial foreclosure sale letter to the Frillmans, Deutsche Bank attempted to serve the Frillmans' tenant, Kelly Canter, with notice of the upcoming foreclosure sale. According to the Amended Complaint, the attempted service was unsuccessful because the process server served a person named Sara Arne who resided in a different unit in the building. (Id. ¶ 11.) Minnesota law requires that a notice of mortgage foreclosure sale be served on a person in possession of the mortgaged premises. Minn. Stat. § 580.03. The exhibits attached to the Amended Complaint include the process server's affidavit of service, which lists Sara Arne as a Occupant/Roommate" of the tenant. (Am. Compl. Ex. A at 7.)

After the Frillmans entered into the Forbearance Plan, the sheriff's sale was postponed, but it was ultimately rescheduled after the Frillmans apparently defaulted on their payment obligations under that Plan. As a result, Deustche Bank recommenced the foreclosure by advertisement process in accordance with the express terms of the Forbearance Agreement. (Am. Compl. Ex. C.) As required by statute, OneWest, on behalf of Deutsche Bank, caused to be published and served notices of postponement of the sale first to September 19, 2011, and then to October 19, 2011. (Am. Compl. Ex. A.) Despite evidence to the contrary, the Amended Complaint contends that Deutsche Bank

failed to send notice of the postponed sale or rescheduled date to the tenant, in violation of the statutory requirement that it do so. (Id. ¶¶ 26-28 (citing Minn. Stat. § 580.07).) The property was sold at sheriff's sale on October 19, 2011. (Id. ¶ 18.)

The Amended Complaint contains three counts. Count 1 seeks a declaration that the sheriff's sale of the Frillmans' property is "null and void" because of Deutsche Bank's alleged failure to serve the initial notice of the foreclosure sale on the Frillmans' tenant. (Id. ¶ 24.) Count 2 asks for a declaratory judgment that the sheriff's sale is void for Deutsche Bank's alleged failure to notify the property's occupant of the postponement of the sheriff's sale and the rescheduled date for the sale. (Id. ¶ 30.) Finally, Count 3 contends that Deutsche Bank's alleged failure to comply with Minnesota's foreclosure-by-advertisement statute created a cloud on the title of the Frillmans' property and seeks to quiet title to that property under Minn. Stat. § 559.01. (Id. ¶¶ 32-36.) As a remedy, the Frillmans ask for a declaration that the sheriff's sale is null and void and an order returning the property to the Frillmans, "subject to any liens or encumbrances existing at the time of the sheriff's sale." (Id. ¶ 36.)

## II. DISCUSSION

### A. Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten

4

v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.    Standing**

The Frillmans do not dispute that they had notice of the foreclosure and subsequent sheriff's sale of their property.[1] The claims in the Amended Complaint

---

[1] In their opposition papers, the Frillmans appear to make a claim that they were
continue...

instead arise out of Deutsche Bank's alleged failure to notify the Frillmans' tenant of the pending and rescheduled sheriff's sale. Although state law requires such notice, the Frillmans do not have standing to challenge the alleged lack of notice to their tenant, as they suffered no harm as a result. Slater v. Alliance Bank, No. A11-369, 2011 WL 5829157, at *2 (Minn. Ct. App. Nov. 21, 2011).

Standing requires that the party bringing suit "must have suffered an 'injury in fact'—an invasion of a legally protected interest." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Further, that injury must be caused by the complained-of conduct. Id. Here, the only injury caused by Deutsche Bank's alleged failure to give notice is injury to the Frillmans' tenant, not to the Frillmans. As in the Slater case, the Frillmans "lack[] standing to assert any occupant's rights because it is undisputed that [they] did not live on the property." Slater, 2011 WL 5829157, at *1. The Frillmans had notice of the sheriff's sale, and thus it is not clear that they suffered any injury at all, or at least any injury caused by actions other than their own failure to pay the mortgage on the property.

### C. Proper Service

Even if they had standing, however, the Frillmans' claims fail on the merits. They have failed to plausibly allege that Deutsche Bank did not comply with the notice requirements of Minnesota's foreclosure-by-advertisement statute. The statute requires

---

[1]...continue
not notified of the rescheduled foreclosure sale. But the Forbearance Plan to which the Frillmans agreed makes clear that the Frillmans waived any notice of a rescheduled foreclosure sale if they failed to comply with the terms of the Forbearance Plan. (Am. Compl. Ex. C at 34.) They cannot now complain that they did not receive notice to which they were not entitled.

that a copy of the notice of foreclosure be "served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises, if the same are actually occupied." Minn. Stat. § 580.03. As discussed above, the Frillmans contend that the process server did not serve the occupant of the premises but rather served a person who occupied another unit in the building, and thus that the requirements of § 580.03 were not satisfied.

The question of whether service is proper is a question of law. Amdahl v. Stonewall Ins. Co., 484 N.W.2d 811, 814 (Minn. Ct. App. 1992). Minnesota law requires that service be accomplished by "delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03. The documents in the public record and attached to the Amended Complaint show that the process server served the foreclosure notice on someone who identified herself as the "Occupant/Roommate" of the Frillmans' tenant. Such a person would qualify as person "then residing therein" under the rule.

An affidavit of service is "strong evidence of proper service" that may be overcome only "by the production of clear and convincing evidence." Peterson v. Eishen, 495 N.W.2d 223, 226 (Minn. Ct. App. 1993). The Frillmans' statement that, "upon information and belief," the person accepting service was not an occupant of their property is not clear and convincing evidence that the service was improper. See Slater, 2011 WL 5829157, at *2 (affirming dismissal of complaint when property owner's claims regarding service were refuted by the process server's affidavit). There is no plausible

7

allegation here that Deutsche Bank did not comply with its service obligations, and the Frillmans' claims therefore fail.

Moreover, as the Minnesota Supreme Court and this Court have reasoned, "lack of service" challenges asserted by a mortgagor cannot be tenable when the mortgagor has actual notice of the sale because the mortgagors are not "prejudiced in the slightest," as is precisely the case with the Frillmans here. *Skartum v. Koch*, 218 N.W. 446, 446-47 (1928); *U.S. v. House*, 100 F. Supp. 2d 967, 976-78 (D. Minn. 2000). The Frillmans were not only on notice of the foreclosure by advertisement, they expressly negotiated a Forbearance Agreement to postpone the proceedings and further their own interests prior to the original sheriff's sale—under which they immediately defaulted, which triggered Deutsche Bank's right to recommence the proceedings. They expressly waived any right to any notice thereafter.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. No. 25] is **GRANTED**;

2. The Amended Complaint [Doc. No. 22] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 25, 2013          s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge